IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STATE AUTOMOBILE MUTUAL | : | |
| INSURANCE COMPANY, | : | CIVIL ACTION |
|     Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| THE FRAMEWORKERS.COM, INC., | : | |
| JOSEPH LALLI t/a and/or d/b/a | : | |
| THE FRAMEWORKERS.COM and | : | |
| DAVID FRANTZ, | : | No. 11-3271 |
|     Defendants. | : | |

**MEMORANDUM**

**Schiller, J.**      **July 27, 2011**

    State Automobile Mutual Insurance Company ("State Auto") is having a dispute with its insureds, The Frameworkers.com ("Frameworkers") and Joseph Lalli, about whether it must provide a defense and coverage for a negligence lawsuit in state court brought by Defendant David Frantz resulting from an injury Frantz suffered while he was working on a construction site. Presently before the Court is Frantz's motion to dismiss due to State Auto's failure to join necessary parties under Federal Rule of Civil Procedure 19. The Court denies the motion.

**I.  BACKGROUND**

    State Auto filed a declaratory judgment action against Frameworkers, Lalli, and Frantz. State Auto alleges that it owes no duty to defend its insureds, Frameworkers and Lalli, in a lawsuit Frantz brought against Frameworkers after he was injured on a construction site.

    State Auto issued a commercial general liability policy in which it agreed "to pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property

damage' to which this insurance applies. We will have the right and duty to defend the insured against any 'suit' seeking those damages." (Compl. ¶ 12.) The policy includes an exclusion for "[a]ny obligation of the insured under a workers' compensation, disability benefits or unemployment compensation law or any similar law." (*Id*.) The policy also excludes coverage for bodily injury to "[a]n employee of the insured arising out of and in the course of: (a) [e]mployment by the insured; or (b) [p]erforming duties related to the conduct of the insured's business." (*Id*.)

On February 3, 2010, Frantz filed a lawsuit in the Court of Common Pleas of Lehigh County against George Carpozi III, Inc., Frameworkers, Lalli, Mark Eisner, and Mary Frances Eisner. (*Id*. ¶ 13.) Frantz claims that while he was working for Frameworkers and Lalli, he was injured on a construction site when he fell through a floor opening. (*Id*. ¶¶ 15-16.) On April 26, 2010, Frameworkers and Lalli filed a third-party complaint joining Thorobred Construction and Salvatore Gallo as defendants. (*Id*. ¶ 14.) Frantz claims that Lalli controlled his work and that both Lalli and Frameworkers's negligence caused his injury. (*Id*. ¶¶ 17-18.) State Auto also avers that Frameworkers and Lalli controlled the performance of Frantz's job. (*Id*. ¶¶ 24-29.)

State Auto claims that "[t]here is no coverage under the State Auto policy for the Frantz lawsuit because Frantz was an employee of The Frameworkers.com and/or Lalli and he was injured during the course of his employment with The Frameworkers.com and/or Lalli." (*Id*. ¶ 21.)

Frantz filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(7), contending that State Auto failed to join necessary parties in this litigation, including George Carpozi III, Inc., the general contractor at the site; Mary and Mark Eisner, the owners of the property; and Salvatore Gallo and Thorobred Construction, a subcontractor working at the construction site. (Frantz's Mot. to Dismiss ¶ 14.)

## II.   STANDARD OF REVIEW

A party may move to dismiss a case for failure to join a party under Rule 19. Fed. R. Civ. P. 12(b)(7). In reviewing a Rule 12(b)(7) motion to dismiss, the court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *Pittsburgh Logistics Sys., Inc. v. C.R. England, Inc.*, 669 F. Supp. 2d 613, 618 (W.D. Pa. 2009). A court making a Rule 19 determination may consider evidence outside the pleadings. *Id.* (citing *Jurimex Kommerz Transit G.M.B.H. v. Case Corp.,* 201 F.R.D. 337, 339-40 (D. Del. 2001)). The moving party bears the burden of showing that a nonparty is both necessary and indispensable. *Pittsburgh Logistics*, 669 F. Supp. 2d at 618 (citing *Develcom Funding, LLC v. Am. Atl. Co.*, Civ. A. No. 09-1839, 2009 WL 2923064, *2 (D.N.J. Sept. 9, 2009)).

## III.   DISCUSSION

Federal Rule of Civil Procedure 19(a) states that a party must be joined if feasible if: "in that person's absence, the court cannot accord complete relief among existing parties" or if the party to be joined "claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may" either "impair or impede the person's ability to protect the interest" or "leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest."

To decide whether joinder of a party is required, a court must first decide whether that party is a necessary party. *Janney Montgomery Scott, Inc. v. Sheppard Niles, Inc.*, 11 F.3d 399, 404 (3d Cir. 1993); *see also Gen. Refractories Co. v. First State Ins. Co.*, 500 F.3d 306, 312 (3d Cir. 2007) ("we must first determine whether the absent insurers should be joined as 'necessary' parties under

Rule 19(a)"). If the party should be joined but joinder is not feasible because it would destroy subject matter jurisdiction, the court must then decide whether the absent party is indispensable. *Janney Montgomery Scott*, 11 F.3d at 404. If the absent party is indispensable, the litigation cannot proceed. *Id*. If however, the absent party is not necessary under Rule 19(a), the court need not reach the question of whether the absent party is indispensable. *See id*.

Frantz argues that "all remaining defendants in the pending negligence action failed to carry workers' compensation insurance and as such each may be held liable as joint and several tortfeasors." (Frantz's Mot. to Dismiss at 6-7.) He also argues that the absent parties would have potential claims of contribution and indemnification based on the outcome of the underlying negligence action. (Frantz's Mot. to Dismiss at 7.)

The fact that State Auto failed to sue joint tortfeasors is not a reason to dismiss this action. "It has long been the rule that it is not necessary for all joint tortfeasors to be named in a single lawsuit." *Temple v. Synthes Corp.*, 498 U.S. 5, 7 (1990); *see also Huber v. Taylor*, 532 F.3d 237, 249-50 (3d Cir. 2008). Frantz's contribution and indemnification arguments are also unavailing. The possibility that potential claims for contribution and indemnification exist involving absent parties does not render those absent parties necessary or indispensable. *See Janney Montgomery Scott*, 11 F.3d at 412-13; *Carriage House Condos. GP, Inc. v. DeRaimo*, Civ. A. No. 07-2120, 2008 WL 191183, at *3 (E.D. Pa. Jan. 22, 2008); *Temple Univ. Hosp., Inc. v. Group Health, Inc.*, 413 F. Supp. 2d 420, 429 (E.D. Pa. 2005). Furthermore, as this Court's analysis under Rule 19(a)(1) asks whether the court can grant complete relief to persons already named as parties to the action, the effect a decision may have on absent parties is not material. *Gen. Refractories*, 500 F.3d at 313.

In this action, State Auto seeks a declaration that it owes no coverage to its insureds. The

Court's decision on the question will afford complete relief to the parties now before it. The possibility that contribution and indemnification lawsuits may be looming does not alter that fact. The Court does not share Frantz's concern that without the absent parties, he must champion their interests. (*See* Frantz's Mot. to Dismiss at 7.) First, the interests of which Frantz writes are financial, not legal, and thus do not render the absent parties necessary to this litigation. For a party to qualify as "necessary" it must have a legally protected interest in the action, not merely a financial interest. *Liberty Mut. Ins. Co. v. Treesdale, Inc.*, 419 F.3d 216, 230 (3d Cir. 2005); *Becker v. Farmington Cas. Co.*, Civ. A. No. 08-2228, 2009 WL 1845221, at *3 (E.D. Pa. June 25, 2009). Second, the absent parties can protect their interests in the underlying lawsuit in which they are named as well as through contribution and indemnification actions if necessary. Finally, disposing of this lawsuit without the absent parties does not leave an existing party "subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." Fed. R. Civ. P. 19(a)(1)(B)(ii).

Because Frantz has failed to carry his burden to show that any absent parties are necessary, the Court will not address whether those parties are indispensable.

IV. **CONCLUSION**

George Carpozi III, Inc., Mary and Mark Eisner, Salvatore Gallo, and Thorobred Construction are not necessary parties to this litigation. Accordingly, Frantz's motion to dismiss under Rule 12(b)(7) is denied.