IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STATE AUTOMOBILE MUTUAL INSURANCE COMPANY, | : : | CIVIL ACTION |
| Plaintiff, | : : | |
| v. | : : | |
| THE FRAMEWORKERS.COM, INC., JOSEPH LALLI t/a and/or d/b/a THE FRAMEWORKERS.COM, and DAVID FRANTZ, Defendants. | : : : : : | No. 11-3271 |

MEMORANDUM

Schiller, J.                                                                                                          August 23, 2012

State Automobile Mutual Insurance Company ("State Auto") seeks a declaratory judgment from this Court that it owes no duty to defend its insureds, The Frameworkers.com ("Frameworkers") and Joseph Lalli, against a lawsuit brought against them in the Lehigh County Court of Common Pleas. Presently before the Court are the motions for summary judgment filed by State Auto; David Frantz, who is the plaintiff in the state court litigation; and George Carpozi III, Inc. ("Carpozi"), who was allowed to intervene in this case. Frantz's motion asks this Court to decline jurisdiction over State Auto's declaratory judgment case. For the reasons that follow, the Court declines jurisdiction and denies the pending summary judgment motions as moot.

I.   BACKGROUND

On February 3, 2010, Frantz filed a lawsuit in the Lehigh County Court of Common Pleas against Carpozi, Frameworkers, Lalli, Mark Eisner, and Mary Frances Eisner. Frantz was working as "an independent contractor hired by the defendants collectively" to work at a property owned by

the Eisners. (Pl.'s Mot. for Summ. J. Ex. B [State Court Compl.] ¶ 6.) Carpozi, Frameworkers, and Lalli, who owned Frameworkers, controlled the work of Frantz "and other independent contractors." (*Id*. ¶ 7.) On January 29, 2009, Frantz was on the third floor of the property clearing frozen precipitation from a tarp when he fell through an opening in the floor that had been covered by the tarp. (*Id*. ¶¶ 15-16.) According to Frantz, the third floor where he was working was unsafe and the defendants' negligence was responsible for the severe and permanent injuries he suffered. (*Id*. ¶¶ 16, 18-27.)

On May 19, 2011, State Auto filed a declaratory judgment action in this Court against Frameworkers, Lalli, and Frantz seeking a declaration that it owes no duty to defend its insureds, Frameworkers and Lalli, in Frantz's state court lawsuit. On September 12, 2011, a default was entered against Lalli and Frameworkers because they failed to answer State Auto's Complaint. Following notice of the bankruptcy of Lalli, this case was placed in suspense from October 31, 2011 until March 27, 2012. Carpozi was permitted to intervene in this action on April 24, 2012.

State Auto issued policy number SPP 2260548 to Frameworkers with an effective date of May 14, 2008. (Pl.'s Statement of Undisputed Facts ¶ 6.) The parties dispute whether the incident which caused Frantz's injury is covered by the policy or whether an exclusion precludes coverage. In the bodily injury and property damage coverage section, State Auto agreed to:

> [P]ay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But: . . .
>
> No other obligation or liability to pay sums or perform acts or services is covered

unless explicitly provided for under Supplementary Payments – Coverages A and B.

(Pl.'s Mot. for Summ. J. Ex. D [Policy].) The policy also states that:

This insurance does not apply to . . .

**d.    Workers' Compensation And Similar Laws**

Any obligation of the insured under a workers' compensation, disability benefits or unemployment compensation law or any similar law.

**e.    Employer's Liability**

"Bodily injury" to:

(1)    An "employee" of the insured arising out of and in the course of:

(a)    Employment by the insured; or
(b)    Performing duties related to the conduct of the insured's business; or

(2)    The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph (1) above.

This exclusion applies:

(1)    Whether the insured may be liable as an employer or in any other capacity; and

(2)    To any obligation to share damages with or repay someone else who must pay damages because of the injury.

This exclusion does not apply to liability assumed by the insured under an "insured contract".

(*Id*.) The Policy contains the following definitions:

5.    "Employee" includes a "leased worker". "Employee" does not include a "temporary worker".

10.   "Leased worker" means a person leased to you by a labor leasing firm under an agreement between you and the labor leasing firm, to perform duties related to the conduct of your business. "Leased worker" does not include a

3

>       "temporary worker".
>
> 19.   "Temporary worker" means a person who is furnished to you to substitute for a permanent "employee" on leave or to meet seasonal or short-term workload conditions.

(*Id.*)

State Auto has provided a defense to Frameworkers and Lalli in the Frantz litigation under a reservation of rights. (Pl.'s Statement of Undisputed Facts ¶ 14.) On April 26, 2010, Frameworkers and Lalli joined Salvatore Gallo and Gallo's company, Thorobred Construction, LLC ("Thorobred"), in the underlying state court litigation. (Pl.'s Mot. for Summ. J. Ex. G [Joinder Compl.].) Frameworkers and Lalli argued that Gallo and Thorobred "retained the services" of Frantz to perform work at the Eisners' home and that Gallo and Thorobred "supervised and directed the work performed by David Frantz . . . and instructed David Frantz as to the nature and scope of the work to be done, and the place and time the work was to be done." (*Id.* ¶¶ 11-12.) Thus, Frameworkers and Lalli maintained that Gallo and Thorobred were negligent and are alone liable to Frantz or, in the alternative, are jointly and severally liable with Frameworkers and Lalli to Frantz. (*Id.* ¶¶ 14-16.)

## II.   DISCUSSION

The parties' dispute here boils down to who employed Frantz. According to State Auto, the Policy clearly and unambiguously excludes coverage for any claims arising out of bodily injury to an employee suffered in the course of his employment. Because, according to both Frantz's complaint and the testimony obtained in the state court litigation, Frantz was an employee of Frameworkers and Lalli when he was injured, State Auto owes no duty to defend Frameworkers and Lalli in that case. (Br. in Supp. of Pl.'s Mot. for Summ. J. at 11-15.) According to State Auto, Frantz

also fails to qualify as a "temporary worker." (*Id*. at 16.)

Carpozi disagrees. It argues Gallo furnished Frantz to Lalli as a temporary worker to frame the Eisners' home. The evidence also demonstrates that Lalli had no employees on the Eisner site. (Mem. of Law in Supp. of Mot. for Summ. J. of Intervenor-Def. Carpozi at 12.) Rather, it was Gallo who provided Frantz for the job and retained authority over his work. (*Id*. at 12-13.) In his motion for summary judgment, Frantz also argues that he was not employed by Lalli or Frameworkers. Rather, Carpozi, the general contractor for the job, hired Lalli and Gallo to frame the home. (Def. Frantz's Mem. of Law in Supp. of Mot. for Summ. J. at 15.) Frantz argues that Carpozi was responsible for the work done on the home and that Lalli lacked control over Frantz. (*Id*. at 16, 19-20.) Frantz also contends that he qualified as a "temporary worker" furnished for a short period of time by Gallo to work on the Eisner home. (*Id*. at 21-24.)

At any rate, this finger-pointing is not the concern of this Court. Frantz argues for the first time in his motion for summary judgment that this Court should decline to exercise jurisdiction over State Auto's declaratory judgment action. State Auto has filed a response in opposition addressing the Court's jurisdiction over this declaratory judgment action. This Court agrees with Frantz and will decline to exercise jurisdiction here.

    **A.**    **Jurisdiction over Declaratory Judgment Actions**

The Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). The jurisdiction conferred by this law is discretionary and district courts are "under no compulsion to exercise it." *State Auto Ins. Cos.*

*v. Summy*, 234 F.3d 131, 133 (3d Cir. 2000). A district court has the discretion to decline to exercise jurisdiction if "parallel proceedings, presenting opportunity for ventilation of the same state law issues, were underway in state court." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 290 (1995). This court may exercise its discretion "to stay or to dismiss an action seeking a declaratory judgment before trial or after all arguments have drawn to a close. In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." *Id*. at 288. A court's discretion is limited, however, if the litigation involves federal statutory interpretation, the government's choice of a federal forum, or sovereign immunity, or if the state proceeding is inadequate. *See Allstate Ins. Co. v. Antoine*, Civ. A. No. 11-5830, 2012 WL 707069, at *3 (E.D. Pa. Mar. 6, 2012).

When deciding whether to exercise jurisdiction over a declaratory judgment action involving insurance coverage, district courts should consider: (1) a general policy of restraint when the same issues are pending in a state court; (2) an inherent conflict of interest between an insurer's duty to defend in a state court and its attempt to characterize that lawsuit in federal court as falling within the scope of a policy exclusion; and (3) avoidance of duplicative litigation. *Summy*, 234 F.3d at 134. In addition, district courts should consider: (1) the likelihood that a declaration from a federal court will resolve the uncertainty of the obligation which gave rise to the controversy; (2) the convenience of the parties; (3) the public interest in settlement of the uncertainty of the obligation; and (4) the availability and relative convenience of other remedies. *United States v. Pa. Dep't of Envtl. Res.*, 923 F.2d 1071, 1075 (3d Cir. 1991).

### B.     Likelihood That a Federal Court Declaration Will Resolve the Uncertainty of the Obligation Giving Rise to This Controversy

Obviously, if this Court granted summary judgment in favor of one of the parties or a jury ultimately decided the factual issue of Frantz's employment status, that would resolve any uncertainty regarding coverage. That alone does not end the matter, however. *Hartford Cas. Ins. Co. v. Am. Recycling Sys., Inc.*, Civ. A. No. 09-3355, 2010 WL 3420046, at *3 (E.D. Pa. Aug. 25, 2010) (noting that decision from federal court resolving coverage issue is alone insufficient for court to exercise jurisdiction). Furthermore, as Frantz's negligence lawsuit is set to go to trial in October and that litigation or a parallel state court declaratory judgment action could also resolve any coverage issues, it is possible that the state court could address the question sooner than this Court.

### C.     Public Interest in Settlement of the Uncertainty of the Obligation

The public interest will not be better served by having this Court decide any coverage issues. This litigation involves interpretation of an insurance policy under Pennsylvania law and further depends on the status of a worker under Pennsylvania law. State Auto's desire "to receive declarations in federal court on matters of purely state law has no special call on the federal forum." *Summy*, 234 F.3d at 136. State Auto contends that Pennsylvania law on the issue of a worker's status is settled, and that therefore this Court should not hesitate to apply it. (State Auto's Br. in Opp'n to Frantz's Mot. for Summ. J. Requesting the Court to Decline Jurisdiction [Pl.'s Jurisdiction Br.] at 11-12.) Although Pennsylvania courts may be tasked with making the legal determination as to whether an employer/employee relationship exists, that determination depends on the unique facts of each case. *See Universal Am-Can, Ltd. v. Workers' Comp. Appeals Bd.*, 762 A.2d 328, 330-31 (Pa. Super. Ct. 2000). All of the discovery undertaken to answer that question occurred in state court.

Furthermore, an additional issue raised—whether Frantz was a temporary worker furnished to perform a task—has not been addressed by the Pennsylvania Supreme Court, requiring district courts to predict the answer to the question of what "furnished" means. *See Empire Fire & Marine Ins. Co. v. Jones*, 739 F. Supp. 2d 746, 753-54 (M.D. Pa. 2010). These considerations further counsel against this Court exercising jurisdiction. *See Summy*, 234 F.3d at 135 ("[D]istrict courts should give serious consideration to the fact that they do not establish state law, but are limited to predicting it."). The public interest is better served by allowing a state court to determine these issues of state law.

### D. Availability and Relative Convenience of Other Remedies

If this Court declines jurisdiction, State Auto is free to seek relief in state court under the Pennsylvania Declaratory Judgment Act, 42 Pa. Cons. Stat. Ann. § 7541, either as a separate action or as part of Frantz's action currently proceeding in state court. The parties cite no reason why having a state court adjudicate the purely state law question of coverage would be inconvenient or would not adequately provide a forum for State Auto's quest for a declaration of its rights and obligations.

### E. *Summy* Factors

The Court concludes that the factors outlined in *Summy* also weigh in favor of declining to exercise jurisdiction. State Auto's argument in favor of this Court maintaining jurisdiction is that the state court proceedings will not address the coverage issue pending before this Court. The question of Frantz's employment status is disputed. Plaintiff maintains Frantz's employment status is not in dispute because his complaint alleges that he was hired by Lalli and Frameworkers to work on the Eisner property and that they controlled his work. (Pl.'s Jurisdiction Br. at 8-9.) This argument fails to take into account that the original complaint alleged that Carpozi was also responsible for Frantz's

work. State Auto also fails to acknowledge the joinder complaint that Frameworkers and Lalli filed in state court. The joinder complaint, which incorporated Frantz's original complaint, alleged that Gallo and Thorobred Construction retained Frantz's services and supervised and directed his work at the Eisner home. These allegations may—or may not—be inconsistent with the allegations made against Carpozi, Lalli, and Frameworkers. But they put into issue at the state court level who was responsible for Frantz's work. Thus, this issue can be readily addressed by the state court and a determination of the issue would obviate the need for this Court to answer the very same question.

Also damaging to State Auto's position is that the absence of a parallel state court proceeding—let alone such a proceeding that directly addresses the identical question posed by the federal litigation—does not require a federal court to entertain a declaratory judgment action. *See Dairyland Ins. Co. v. Warland*, Civ. A. No. 10-1476, 2011 WL 338655, at *3-4 (W.D. Pa. Feb. 3, 2011) ("Thus, although there is no parallel state court proceeding pending in this case, that factor is not determinative."); *Allstate Ins. Co. v. Seelye*, 198 F. Supp. 2d 629, 632 (W.D. Pa. 2002) ("Other courts also have concluded that, although it is a factor for the district court to consider, the existence of a parallel state court proceeding is not a necessary predicate for a district court to decline jurisdiction in a declaratory judgment action."). The Third Circuit Court of Appeals in *Summy* directed courts to consider whether the questions before the federal court were also at issue in a parallel state court proceeding and, if so, the scope of the state court proceedings and whether the claims of the parties could be addressed in the state court proceedings. *Summy*, 234 F.3d at 133. The court did not require district courts to adjudicate declaratory judgment actions in the absence of parallel proceedings. *See Scottsdale Ins. Co. v. Broaddus*, Civ. A. No. 08-3241, 2009 WL 349697, at *3 (E.D. Pa. Feb. 11, 2009) ("The *Summy* Court did not make the pendency of identical state and

federal declaratory actions a prerequisite to declining federal jurisdiction.").

Because the pleadings in the state court litigation raise the issue of which party or parties employed Frantz, that question is likely to arise along with the issue of the defendants' liability in Frantz's negligence action. A declaration of Frantz's employment status in federal court could subvert or seriously interfere with the state court litigation. This Court sees no reason to risk the potential for conflicting rulings on Frantz's employment status when the parties can easily avoid that outcome. Additionally, the likelihood of overlapping factual questions in state and federal court raises a conflict of interest, as State Auto seeks to disclaim any responsibility before this Court while simultaneously defending its insured in the state court litigation. *See Antoine*, 2012 WL 707069, at *5.

### III. CONCLUSION

Upon consideration of the factors set forth by the Third Circuit, this Court will exercise its discretion and stay its hand. State Auto's declaratory judgment action will be dismissed. An Order consistent with this Memorandum will be docketed separately.